UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAMIRO VASQUEZ, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>V.<br><br>GULF SOUTHERN CONSTRUCTION, LLC and CHARLES CRAWFORD<br><br>    Defendants. | CIVIL ACTION NO. |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Ramiro Vasquez, by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this Complaint against Defendants, Gulf Southern Construction, LLC ("GSC") and Charles Crawford (collectively, "Defendants"), and in support of his claim, states as follows:

### PRELIMINARY STATEMENT

1. This Complaint is filed as a collective action under 29 U.S.C. § 216(b), and is brought by and on behalf of persons who are or have been at some time employed during the applicable limitations period as general laborers for Defendants, in the business of providing commercial and residential construction.

2. Defendants employ general laborers or those working in similar job positions, and pays them on an hourly basis for all hours worked, even when more than 40 hours of work is performed in a particular week.

3. Plaintiff and similarly situated employees routinely work more than 40 hours in a workweek but are not paid an overtime premium for any of their overtime hours.

4. As a result of Defendants' failure to compensate Plaintiff and similarly situated employees for all hours worked, Defendants have violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff and similarly situated employees, overtime compensation for hours worked in excess of 40 hours in one week as required under the FLSA.

5. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

2. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

## THE PARTIES

**Plaintiff**

3. Plaintiff, Ramiro Vasquez, lives in the Eastern District of Louisiana. Plaintiff was employed by Defendants as a general laborer from approximately January 2018 to May 9, 2018. His written consent is attached hereto as Exhibit 1.

4. The class of similarly situated employees consists of all general laborers who worked for Defendants within the last three years (hereinafter referred to as "Class Members").

**Defendants**

5. Together, Defendants have employed Plaintiff and Class Members at all times relevant as a single enterprise.

**Gulf Southern Construction, LLC**

6. GSC is a Louisiana limited liability company that may be served through its registered agent, Charles Crawford, 5818 St. Bernard Ave., New Orleans, LA 70116.

7. GSC provides commercial and residential construction services.

8. GSC is an "employer" of Plaintiff and Class Members as that term is defined by the FLSA.

9. At all relevant times, GSC maintained control, oversight, and direction over Plaintiff and Class Members, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

10. At all relevant times, GSC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

11. Upon information and belief, GSC's gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

**Charles Crawford**

12. Defendant, Charles Crawford, is the owner and operator of GSC.

13. Charles Crawford is a resident of the city of New Orleans, Parish of Orleans, and State of Louisiana.

14. At all relevant times, Charles Crawford has been an "employer" of Plaintiff and Class Members as that term is defined by the FLSA.

15. At all relevant times, Charles Crawford has been actively involved in managing the operations of GSC.

16. At all relevant times, Charles Crawford has had control over GSC's pay policies.

17. At all relevant times, Charles Crawford has had power over personnel and payroll decisions at GSC.

18. At all relevant times, Charles Crawford has had the power to stop any illegal pay practices that harmed Plaintiff and Class Members.

19. At all relevant times, Charles Crawford has had the power to transfer the assets and liabilities of GSC.

20. At all relevant times, Charles Crawford has had the power to declare bankruptcy on behalf of GSC.

21. At all relevant times, Charles Crawford has had the power to enter into contracts on behalf of GSC.

22. At all relevant times, Charles Crawford has had the power to close, shut down, and/or sell GSC.

## FACTUAL ALLEGATIONS

23. Plaintiff and similarly situated employees work or worked for Defendants as general laborers during the applicable statutory period.

24. Plaintiff and similarly situated employees perform work as general laborers in Defendants' construction business.

25. Defendants compensated Plaintiff and similarly situated employees for their work on an hourly basis.

26. Defendants suffered and permitted Plaintiff and similarly situated employees to work more than forty (40) hours per workweek.

27. Defendants has a common policy of not paying Plaintiff and similarly situated employees at a rate of one and one-half (1.5) times their regular pay for the overtime hours they worked as required by the FLSA.

28. In calculating Plaintiff and similarly situated employees, Defendants only paid them their regular (*i.e.*, straight time rate), rather than the legally required one and one-half (1.5) times their regular rate of pay.

29. Defendants willfully operated under a common scheme to deprive Plaintiff and similarly situated employees of overtime compensation by paying them less than what is required under federal law.

30. As a commercial and residential construction company that has been in existence for approximately ten (10) years, Defendants were or should have been aware that Plaintiff and similarly situated employees performed work that required proper payment of overtime compensation.

31. Defendants knew that Plaintiff and similarly situated employees worked overtime hours without receiving proper overtime pay because Defendants maintained and recorded the hours worked by Plaintiff and similarly situated employees.

32. Defendants were aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of their actions.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings Counts I on behalf of himself and all similarly situated individuals. The proposed collective class ("FLSA Collective") is identified as follows: All general laborers who worked for Gulf Southern Construction, LLC within the last three years.

34. Plaintiff consents in writing to assert his claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b).  Plaintiff's signed consent form is filed with the Court as Exhibit A to this Complaint.

35. As the case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

36. Members of the proposed FLSA Collective are known to Defendants and are readily identifiable through Defendants' records.

37. Plaintiff and the FLSA Collective are all victims of Defendants' widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, *et seq.*, and that have cause significant damage to Plaintiff and the FLSA Collective.

38. The FLSA Collective would benefit from the issuance of court-supervised notice of this lawsuit and an opportunity to join by filing their written consent.

## COUNT I – FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA

39. Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

40. Defendants are an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

41. The FLSA, 29 U.S.C. § 207, requires covered employers like Defendants to pay non-exempt employees like Plaintiff and the FLSA Collective no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

42. Plaintiff and the FLSA Collective regularly worked more than forty (40) hours per week for Defendants, but Defendants did not properly compensate them for all of their overtime hours as required by the FLSA.

43. Defendants have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective.

44. Defendants knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rate pursuant to 29 U.S.C. § 225.

45. Defendants' willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked violates the FLSA, 29 U.S.C. § 207.

46. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

**WHEREFORE**, Plaintiff, Ramiro Vasquez, prays for all the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and his counsel to represent the collective action members.

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. An award of any pre-judgment and post-judgment interest;

D. An award of costs and expenses of this action, together with reasonable attorney's fees and expert fees; and

E. Such other legal and equitable relief as the Court deems appropriate.

Respectfully Submitted:

*/s/ George B. Recile*

GEORGE B. RECILE (#11414)
PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
ZACHARY R. SMITH (#37316)
*Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, L.L.P.*
One Galleria Boulevard, Suite 1100 Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 613-4528
*Counsel for Plaintiff*